Tammy A. Tsoumas (SBN 250487)
tammy.tsoumas@kirkland.com
Matthew Summers (SBN 311324)
matthew.summers@kirkland.com
Leonora A. Cohen (SBN 319463)
lena.cohen@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA  90067
Telephone:   (310) 552-4200
Facsimile:   (310) 552-5900

*Attorneys for Defendant
The Boeing Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEINTRAUB FINANCIAL SERVICES, INC. and SEBITNA, LLC<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY<br><br>Defendant. | Case No.  2:20-cv-03484-FLA-GJS<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   July 22, 2022<br>Time:              1:30 p.m.<br>Courtroom:      6B |

# TABLE OF CONTENTS

I.    AS A THRESHOLD MATTER, MOST OF PLAINTIFFS'
      OPPOSITION SHOULD BE DISREGARDED BECAUSE IT IS
      UNSUPPORTED. ........................................................................................ 2

II.   PLAINTIFFS' OPPOSITION CONFIRMS THAT THEY DO NOT
      HAVE EVIDENCE TO SUSTAIN THEIR CLAIM AND THAT
      BOEING IS ENTITLED TO SUMMARY JUDGMENT. ................................ 3

      A.    Plaintiffs Do Not Offer Any Evidence of the Contractual Breach
            on Which Their Claim Is Premised. ................................................ 4

            1.    Plaintiffs' Argument That They Do Not Have to Prove an
                  Element of Their Claim Has No Basis in Law, and They
                  Cannot Save Their Claim by Changing Their Theory at
                  Summary Judgment ................................................................ 4

            2.    Finding that Plaintiffs Fail to Raise a Triable Issue on
                  Breach Is Not Inconsistent With a Prior Ruling ................ 8

      B.    Plaintiffs Do Not Adduce Evidence to Show That the Alleged
            Interfering Act Occurred and Thus Cannot Demonstrate
            Causation or Interference ................................................................ 9

      C.    Plaintiffs' Causation Argument Is Legally and Factually
            Deficient .......................................................................................... 12

            1.    Plaintiffs Do Not Make the Legally Required Showing that
                  the Purchase Agreement Would Have Been Completed
                  Absent Boeing's Alleged Interference ................................ 12

            2.    Plaintiffs Also Fail to Present Evidence that the Proposed $5
                  Million Environmental Escrow Term Caused Butler to
                  Breach the Purchase Agreement. ........................................ 14

      D.    Plaintiffs Do Not Offer a Single Piece of Evidence to Show that
            Boeing Intentionally Interfered with the Purchase Agreement ........ 17

III.  PLAINTIFFS DO NOT RAISE A TRIABLE ISSUE TO DEFEAT
      BOEING'S AFFIRMATIVE DEFENSE THAT IT WAS ACTING IN
      ITS LEGITIMATE BUSINESS INTERESTS ............................................ 18

i

1

**IV.    CONCLUSION** .................................................................................**20**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. Experian Info. Sols., Inc.*,
812 F. App'x 426 (9th Cir. 2020) ..................................................................6

*Alvarado v. Fedex Corp.*,
2005 WL 2036026 (N.D. Cal. Aug. 23, 2005) .....................................2

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..........................................................................2

*Arpin v. Santa Clara Valley Transp. Agency*,
261 F.3d 912 (9th Cir. 2001) ...........................................................17

*Baez v. Pension Consulting Alliance, Inc.*,
2018 WL 1942389 (C.D. Cal. Mar. 16, 2018)..................................12

*Cabanas v. Gloodt Associates*,
942 F. Supp. 1295 (E.D. Cal. 1996), *aff'd sub nom.*, 141 F.3d 1174 (9th
Cir. 1998) ....................................................................................19, 20

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
227 F.R.D. 313 (C.D. Cal. 2004)....................................................7, 8

*Carmen v. San Francisco Unified Sch. Dist.*,
237 F.3d 1026 (9th Cir. 2001) ...........................................................2

*Coleman v. Quaker Oats Co.*,
232 F.3d 1271 (9th Cir. 2000) ...........................................................7

*Computer Place, Inc. v. Hewlett-Packard Co.*,
607 F. Supp. 822 (N.D. Cal. 1984), *aff'd*, 779 F.2d 56 (9th Cir. 1985).......19, 20

*Davis v. Nadrich*,
174 Cal. App. 4th 1 (2009) ...........................................................5, 18

*Durazo v. Time Warner Cable LLC*,
2011 WL 13217222 (C.D. Cal. Apr. 20, 2011)................................6, 8

iii

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,
    461 F. Supp. 2d 1188 (C.D. Cal. 2006), *aff'd*, 525 F.3d 822 (9th Cir.
    2008) ..................................................................................4, 12, 16, 17

*Fazio v. City & Cnty. of San Francisco*,
    125 F.3d 1328 (9th Cir. 1997) ...........................................................3, 5

*Franklin v. Dynamic Details, Inc.*,
    116 Cal. App. 4th 375 (2004) ..........................................................14, 16

*I-CA Enterprises, Inc. v. Palram Americas, Inc.*,
    235 Cal. App. 4th 257 (2015) ...............................................................19

*Keenan v. Allan*,
    91 F.3d 1275 (9th Cir. 1996) .................................................................2

*Mendelson v. Country Coach, Inc.*,
    2007 WL 4811927 (C.D. Cal. Nov. 19, 2007) ........................................2

*Orr v. Bank of Am.*,
    285 F.3d 764 (9th Cir. 2002) ...............................................................10

*Paxton v. City of Montebello*,
    712 F. Supp. 2d 1007 (C.D. Cal. Mar. 18, 2010) ...................................7

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
    457 F.3d 963 (9th Cir. 2006) ..............................................................6, 8

*RePET, Inc. v. Zhao*,
    2018 WL 5099513 (C.D. Cal. Feb. 9, 2018) ...........................................7

*Rutherford v. Owens-Illinois, Inc.*,
    16 Cal. 4th 953 (1997) ........................................................................12

*S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*,
    690 F.2d 1235 (9th Cir. 1982) ...............................................................3

*SIC Metals, Inc. v. Hyundai Steel Co.*,
    442 F. Supp. 3d 1251 (C.D. Cal. 2020), *aff'd*, 838 F. App'x 315 (9th Cir.
    2021) ................................................................................17, 19, 20

*Sorayama v. Robert Bane Ltd., Inc.*,
    2006 WL 8432085 (C.D. Cal. Jan. 27, 2006)..............................2, 3, 15

iv

*Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*,
  675 F. App'x 725 (9th Cir. 2017) .................................................................12, 13

*Tenet Healthsystem Desert, Inc.v. Fortis Ins. Co., Inc.*,
  520 F. Supp. 2d 1884 (C.D. Cal. 2007) .................................................................7

*Villa v. Tyco Elecs. Corp.*,
  2011 WL 62232 (N.D. Cal. Jan. 7, 2011) .............................................................7

*W. Radio Servs. Co. v. Qwest Corp.*,
  678 F.3d 970 (9th Cir. 2012) ..................................................................................2

*Wasco Prods., Inc. v. Southwall Techs., Inc.*,
  435 F.3d 989 (9th Cir. 2006) ..................................................................................7

*Weststeyn Dairy 2 v. Eades Commodities Co.*,
  280 F. Supp. 2d 1044 (E.D. Cal. 2003) .......................................................19, 20

*Wleklinski v. Targus, Inc.*,
  2007 WL 9711248 (C.D. Cal. Feb. 13, 2007) .......................................................7

*Wynn v. Nat'l Broadcasting Co. Inc.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) ..............................................................13

**Rules**

Fed. R. Civ. P. 11 ...........................................................................................................5

Fed. R. Civ. P. 26(a) ......................................................................................................7

Fed. R. Civ. P. 37(c)(1) ..................................................................................................7

Boeing's opening brief identified five independent grounds for the Court to grant summary judgment on Plaintiffs' sole claim. Plaintiffs' Opposition fails to raise a genuine dispute of fact as to a single one. Indeed, Plaintiffs cite almost no evidence at all in support of their Opposition. Instead, more than three and a half years into this litigation, Plaintiffs have resorted to trying—impermissibly—to change their theory of the case in a fruitless attempt to salvage their claim. All this gambit shows, however, is that Boeing's motion for summary judgment should be granted.

Plaintiffs' theory throughout this litigation has been that Boeing intentionally caused Butler to refuse to close the sale in breach of the Purchase Agreement by sending Butler a letter on April 26, 2013 that required (i) Butler to put $5,000,000 into an environmental escrow account and (ii) Butler and Plaintiffs to provide an unlimited guarantee for additional funding. Now, faced with summary judgment, Plaintiffs:

- ***Abandon their theory of actual breach*** and argue two new, unsupported alternative theories of disruption or breach, in contravention of Ninth Circuit authority prohibiting plaintiffs from opposing summary judgment on new theories;

- Fail to offer competent evidence to show Boeing's alleged interfering act occurred—that is, that (i) the $5 million term of Boeing's April 26 proposal was a "requirement;" (ii) Boeing refused to conduct environmental investigation before Butler agreed to fund a $5 million escrow account; or (iii) Boeing sought any financial commitment from Plaintiffs;

- Do not acknowledge—much less make an evidentiary showing on—the legal requirement that to show causation, they must provide evidence that Plaintiffs and Butler would have completed the transaction absent Boeing's alleged interference;

- ***Do not offer a single piece of evidence*** to support their argument that Boeing intended to cause Butler to breach the Agreement; and

- Respond to Boeing's affirmative defense that it acted in its legitimate business interest with only misguided and incomplete legal analysis and unsupported rhetoric.

Plaintiffs' Opposition confirms that there is no reason to allow this patently meritless case to continue. The Court should grant Boeing's motion for summary

1

judgment and dismiss Plaintiffs' one remaining claim.

## I.    AS A THRESHOLD MATTER, MOST OF PLAINTIFFS' OPPOSITION SHOULD BE DISREGARDED BECAUSE IT IS UNSUPPORTED.

Plaintiffs' Opposition contains almost no citations to evidence or to their separate statement of facts. *See, e.g.,* Opp'n at 17-24 (providing one citation to evidence in eight pages of argument). Instead, their Opposition is riddled with unsupported and unsworn allegations, which simply "are not facts that can be used to defeat summary judgment." *Alvarado v. Fedex Corp.*, 2005 WL 2036026, at *3 (N.D. Cal. Aug. 23, 2005); *id.* at *14 (holding that the court cannot consider any facts in the plaintiff's opposition for which she did not provide citations to the record); *Sorayama v. Robert Bane Ltd., Inc.*, 2006 WL 8432085, at *4 (C.D. Cal. Jan. 27, 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)) ("allegations are not specific facts and will not defeat [a] properly made summary judgment motion"). Mere argument and assertions are also insufficient. *Sorayama*, 2006 WL 8432085, at *4.

In fact, the Ninth Circuit has unequivocally held that the district court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found," and further instructed that conducting such a search would be "profoundly unfair" to the moving party because it deprives the moving party of a "fair opportunity to address the matter in the reply papers." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001);[1] *see also Keenan v. Allan,* 91 F.3d 1275,

---

[1] The Court should likewise disregard any evidence and purported facts in Plaintiffs' separate statement of facts that Plaintiffs do not rely on in their Opposition. It is both improper and "profoundly unfair" to Boeing for Plaintiffs to file evidence disconnected from their brief and expect the Court (and Boeing) to try to put them together. *Id.*; *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012) (courts will not "do a [litigant's] work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support."); *Mendelson v. Country Coach, Inc.*, 2007 WL 4811927, at *2 n.1 (C.D. Cal. Nov. 19, 2007) ("It is incumbent upon parties facing a summary judgment motion to present their evidence in their opposition papers.").

1279 (9th Cir. 1996) (courts will not "scour the record in search of a genuine issue of triable fact. [Courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."). In short, summary judgment is "the 'put up or shut up' moment in a lawsuit when the nonmoving party must show" in a properly supported opposition "what evidence it has that would convince a trier of fact to accept its version of events." *Sorayama*, 2006 WL 8432085, at *4 (collecting cases). Plaintiffs' overwhelming reliance on unsupported allegations confirms that they have no such evidence, making summary judgment appropriate in this case. *See, e.g., id.* (granting summary judgment on defendant's counterclaim because he failed to submit admissible evidence in support of the claim and "provides no citations to the record to support any of his factual assertions"); *S.A. Empresa De Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982) ("A party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda.").

## II.    PLAINTIFFS' OPPOSITION CONFIRMS THAT THEY DO NOT HAVE EVIDENCE TO SUSTAIN THEIR CLAIM AND THAT BOEING IS ENTITLED TO SUMMARY JUDGMENT.

Boeing's Motion challenged Plaintiffs' ability to come forward with the evidence necessary to sustain their claim on four key elements: (i) that Butler **breached** the Purchase Agreement by "refus[ing] to close the sale," (Dkt. 33 (Fourth Amended Complaint, or "4AC") ¶ 32); (ii) that Boeing **committed the allegedly interfering act** (*i.e.,* by conditioning its remediation of the degreaser pit on Butler contributing $5,000,000 to an environmental escrow account and receiving a "continuing, unlimited guarantee from Butler and Weintraub" (*id*. ¶ 30)); (iii) that Boeing **caused** the breach; or (iv) that Boeing **intended** to cause the breach.[2] The burden then shifted to Plaintiffs to come forward with "significant probative evidence" on each of these elements. *Fazio v.*

---

[2] Capitalized terms are as defined in Boeing's opening brief.

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*City & Cnty. of San Francisco*, 125 F.3d 1328, 1331 (9th Cir. 1997). Plaintiffs fail to meet their burden on every one.

> **A.    Plaintiffs Do Not Offer Any Evidence of the Contractual Breach on Which Their Claim Is Premised.**

Boeing's opening brief pointed out that Plaintiffs do not have evidence to show that Butler breached paragraphs 3-7.4, 8-8.1.2, 11, and 31.13 of the Purchase Agreement by refusing to close the sale, which has been their theory throughout this litigation on the "actual breach or disruption" element of their claim, as articulated in their Fourth Amended Complaint, interrogatory responses, and prior briefings. Mot. at 12-16. Plaintiffs essentially concede this is true by abandoning their theory of breach. They ***do not offer a single piece of evidence*** to show that Butler breached any of these paragraphs, and they admit their 30(b)(6) representative could identify none (Response to the Statement of Genuine Disputes of Uncontroverted Fact ("RSUF") 80). Instead, Plaintiffs make the meritless argument that they do not have to prove an element of their claim, and then impermissibly assert two new, unsupported theories of disruption or breach of the Agreement. Neither of these arguments can salvage their claim.

> **1.    Plaintiffs' Argument That They Do Not Have to Prove an Element of Their Claim Has No Basis in Law, and They Cannot Save Their Claim by Changing Their Theory at Summary Judgment.**

Plaintiffs claim that they do not have to prove that Butler actually breached the Purchase Agreement to prove their claim. Opp'n at 9. Plaintiffs' argument appears to rest on two main contentions. First, they conflate the actual breach element with the separate elements of knowledge and causation. *Id.* ("All that is required is that the actor 'knows that the interference is certain or substantially certain to occur as a result of his action.'"). This is wrong. An "actual breach or disruption" of the contract is a standalone element of an intentional interference with contractual relations claim. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) ("*Family Home I*"), *aff'd*, 525 F.3d 822 (9th Cir. 2008) ("*Family Home II*"). Plaintiffs

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

must therefore come forward with significant probative evidence on this element of their claim. *Fazio*, 125 F.3d at 1331. Plaintiffs provide no legal basis to excuse their evidentiary burden. To the contrary, they admit that the court in *Davis v. Nadrich*, 174 Cal. App. 4th 1, 10 (2009), dismissed the plaintiff's claim for interference of contract because he had "not brought forth any facts to show that there was an actual breach" of the contract. Opp'n at 11. The *Davis* court continued "we could end our analysis here" because the failure on the "actual breach" element alone was dispositive. 174 Cal. App. 4th at 10.

Second, Plaintiffs argue that they can survive summary judgment by proving disruption of the Purchase Agreement instead of an actual breach of contract. They cannot. That is not because there is a dispute regarding whether an actual disruption of a contract can—as a matter of law—be a basis for a claim of intentional interference with contract; it is because ***disruption is not Plaintiffs' theory in this case***.[3] Throughout this litigation, Plaintiffs' claim has been premised on the contention that there was an actual breach of the Purchase Agreement by Butler when he refused to close the sale. 4AC ¶ 32 ("Plaintiffs were harmed when Butler refused to close the sale following Boeing's interference."). They defended this theory in opposition to Boeing's Rule 11 Motion, which argued that there has never been evidentiary support for the claim that Butler breached the Agreement by refusing to close the sale (Dkt. 78 (Rule 11 Mot.) at 12-13). *See* Dkt. 74 (Rule 11 Opp'n) at 8. They also defended this theory of breach at the motion to dismiss stage. Dkt. 22 at 8 ("The SAC contains adequate allegations of the existence of

---

[3] Plaintiffs appear to try to distinguish *Davis*, *Reyes*, and *Integrated Healthcare Holdings* on the ground that these cases do not hold that a plaintiff must establish actual breach of a contract, as opposed to actual disruption of a contract, in order to bring a claim for intentional interference with contract. *See* Opp'n at 10-11. But this is beside the point. Plaintiffs have pursued *this* case based on the theory that Boeing caused Butler to actually breach the Purchase Agreement. 4AC ¶ 32; Dkt. 22 at 8; RSUF 79. That some other plaintiff in some other case could bring an intentional interference claim based on a theory of disruption is not disputed and has no bearing on this Motion.

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

a valid contract and the alleged breach."); Dkt. 26 at 18 (Mot. to Dismiss Order) (sustaining intentional interference with contract claim because, in part, Plaintiffs sufficiently alleged Butler breached the Agreement). Plaintiffs' interrogatory responses then identified the specific provisions of the Purchase Agreement that they contend Butler breached. RSUF 79.

But, in an apparent concession that Plaintiffs have no evidence to support their actual breach theory, Plaintiffs abandon it and advance two new theories in opposition to summary judgment: (i) that Boeing "disrupted" the deal by increasing its cost, (Opp'n at 13), and/or (ii) that Butler breached the implied covenant of good faith and fair dealing by refusing to extend the escrow period—*not* by refusing to close the sale.[4] Opp'n at 13-14. Plaintiffs fail to provide any evidence in support of these new theories, which is itself grounds for this Court to find that Plaintiffs fail to satisfy their burden to raise a genuine dispute. More fundamentally, it would be improper for the Court even to consider them. It is well-settled in the Ninth Circuit that a plaintiff "cannot raise a new theory of liability in the plaintiff's opposition to a motion for summary judgment," including by changing the factual predicate for their claim. *Durazo v. Time Warner Cable LLC*, 2011 WL 13217222, at *2 (C.D. Cal. Apr. 20, 2011) (refusing to consider theory that was not presented in plaintiff's complaint or interrogatory responses); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006) (affirming summary judgment in defendant's favor because plaintiff cannot raise new factual allegations at summary judgment to support his claim); *Alexander v. Experian Info. Sols., Inc.*, 812 F. App'x 426,

---

[4] Plaintiffs also fail to provide any authority to support their contention that a breach of the implied duty of good faith and fair dealing satisfies the requirement that they prove there was an actual breach of contract. These are separate claims under California law. *See generally* Opp'n at 13-14.

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

428 (9th Cir. 2020) (same).[5]

Additionally, Rule 37(c)(1) prohibits Plaintiffs from advancing new theories that diverge from their interrogatory responses. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion . . ."). Courts recognize that the policy reasons behind this rule are strong: "[l]earning of plaintiff's liability theories only after [the defendants] had filed their motion for summary judgment placed defendants at a distinct disadvantage and constituted unfair surprise." *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 324 (C.D. Cal. 2004) (granting summary judgment after refusing to consider evidence that was not disclosed in interrogatory responses); *Wleklinski v. Targus, Inc.*, 2007 WL 9711248, at *2 (C.D. Cal. Feb. 13, 2007) (finding that the plaintiff was "bound by its initial [interrogatory] response" because the defendant "would suffer undue prejudice if [plaintiff] were permitted to materially change its interrogatory response after receiving a summary judgment motion in an attempt to defeat that motion."). Plaintiffs identified paragraphs 3-7.4, 8-8.1.2, 11, and 31.13 of the Purchase Agreement as the sole provisions Butler breached. RSUF 79. They are bound by those responses, just as they are bound by the allegations in their complaint and pleadings. Accordingly, the Court should not consider Plaintiffs' new theories of

---

[5] *See also Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (finding that "[t]he necessary factual averments are required with respect to each material element of the underlying legal theory," and plaintiffs are not permitted to "flesh out inadequate pleadings" at the summary judgment stage); *Villa v. Tyco Elecs. Corp.*, 2011 WL 62232, at *5 (N.D. Cal. Jan. 7, 2011) (declining to consider alternate basis for claim because a "plaintiff is bound by the allegations in his FAC, and cannot rely on new theories to avoid summary judgment."); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1884, 1993 n.9 (C.D. Cal. 2007) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000)) (same); *Paxton v. City of Montebello*, 712 F. Supp. 2d 1007, 1011 n.8 (C.D. Cal. Mar. 18, 2010) (same); *RePET, Inc. v. Zhao*, 2018 WL 5099513, at *6 (C.D. Cal. Feb. 9, 2018) (same).

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

disruption or breach. *Cambridge Elecs*., 227 F.R.D. at 334; *Durazo*, 2011 WL 13217222, at *2; *Pickern*, 457 F.3d at 968-69.

### 2.    Finding that Plaintiffs Fail to Raise a Triable Issue on Breach Is Not Inconsistent With a Prior Ruling.

Plaintiffs also contend that "Boeing's motion asks the Court to make an inconsistent ruling that it was Plaintiffs, and not Butler, who breached the agreement." Opp'n at 13. This is wrong for multiple reasons.

First, Boeing does not ask the Court to find that Plaintiffs breached the Agreement. The ***only*** thing Boeing asks the Court to find is that Plaintiffs cannot satisfy ***their*** burden to provide evidence on each element of their claim, and thus, summary judgment for Boeing is appropriate. Part of the reason that Plaintiffs cannot satisfy their burden is because their entire theory was premised on Butler being the party who refused to close the sale in breach of their Agreement (4AC ¶ 32), but ***Plaintiffs' own representative*** testified that it ***was not Butler*** who refused to proceed with the sale—it was Plaintiffs. Mot. at 13-14; RSUF 75. This testimony (which Plaintiffs try to minimize by claiming it is somehow "cherry-picked" (Opp'n at 12)) is, on its face, fatal to their claim of breach. *See id.*

Second, Boeing's opening brief explained that the escrow's termination was not a breach or disruption of the Purchase Agreement; termination of the escrow was ***contemplated by the Agreement's terms***. Mot. at 15-16. Plaintiffs do not raise a genuine dispute as to a single fact that demonstrates this to be true: Butler was not required to close escrow unless Plaintiffs funded it; Plaintiffs did not fund the escrow by June 3, 2013; therefore, Butler was entitled to cancel it. RSUF 5, 75, 77, 82. In any event, the escrow automatically terminated because there was no written agreement to extend it. RSUF 5. Plaintiffs tellingly do not address these facts or this argument at all. Instead, they deflect by asserting that Boeing argues Plaintiffs breached the contract, (Opp'n at 13), or that Boeing admits "the contract between Butler and Plaintiffs was in fact disrupted because the deal did not close," (*id.* at 10). Both are false. Nowhere does

8

Boeing admit that the deal was disrupted. To the contrary, Boeing has shown that the Agreement terminated pursuant to its terms.

Third, Plaintiffs err in arguing that if this Court found that Plaintiffs failed to meet their burden to show Butler breached the contract, that would be inconsistent with the state court's ruling in the *Butler* Litigation. Plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing in the *Butler* Litigation were based on Butler's failure to disclose known areas and potential sources of Catalina Yachts' contamination, and ***because*** Butler concealed this information, Plaintiffs claimed that Butler was required to extend escrow. Def. Ex. 41 (*Butler* SAC) ¶¶ 73-83. Plaintiffs have abandoned those theories in this action. There is thus nothing inconsistent about this Court finding that Plaintiffs fail to satisfy their burden to demonstrate breach of contract on a factual basis that was never presented to the state court (nor to this one until summary judgment).

Ultimately, Plaintiffs' new unsupported theories are a meaningless diversion. They do not defend the actual breach on which their claim is premised: there is no evidence that Butler breached paragraphs 3-7.4, 8-8.1.2, 11, and 31.13 of the Purchase Agreement by refusing to close the sale. Plaintiffs have failed to show there is a triable issue on the "actual breach or disruption" element of their claim. Their claim should therefore be dismissed on this ground alone.

**B.    Plaintiffs Do Not Adduce Evidence to Show That the Alleged Interfering Act Occurred and Thus Cannot Demonstrate Causation or Interference.**

Up until summary judgment, Plaintiffs claimed that Boeing interfered with the Purchase Agreement by sending Mr. Butler the April 26, 2013 proposal in which Boeing purportedly: (1) refused to conduct an environmental investigation and remediation work on the Property unless Butler agreed to put $5,000,000 into an environmental escrow account to fund the remediation for the Property; and (2) sought a "continuing, unlimited guarantee from Butler and Weintraub" that they would be responsible for future environmental cleanup and remediation should future contamination levels meet requisite

9

cleanup levels. 4AC ¶¶ 22, 30, 32. In its opening brief, Boeing pointed out that Plaintiffs do not have evidence to show that this alleged interfering act occurred, and indeed, laid out evidence demonstrating the opposite was true. Mot. at 16-19. Summary judgment is warranted because ***Plaintiffs do not respond to Boeing's argument***. Opp'n at 15-16.

Instead, Plaintiffs again pivot away from their core allegations by contending now that Boeing "certainly" made "performance of the contract more expensive" with "a requirement to place $5 million into an environmental escrow account and an agreement to contribute an unlimited amount of future funds." Opp'n at 16. This new argument fails as well. As discussed above, Ninth Circuit precedent bars a new theory introduced in opposition to summary judgment, and the Court should reject it outright and grant judgment in Boeing's favor on that ground alone (*supra* § II.A(2)). In any event, Plaintiffs ***offer no evidence*** in support of their assertion that Boeing "required" Butler to place $5 million into an environmental escrow and Plaintiffs and Butler to "contribute an unlimited amount of future funds." Opp'n at 16. It is based only on Plaintiffs' untenable reading of the April 26, 2013 proposal. *See id*.

To the extent Plaintiffs try to point to Mr. Butler's post-escrow statements to Mr. Lenox as somehow supporting their argument, they fail. Opp'n at 16. As an initial matter, the Court should not consider them because Plaintiffs fail to source them to the record: neither Plaintiffs' Exhibits 17 nor 18 contain the language quoted by Plaintiffs (*compare id. to* Pltf. Ex. 17),[6] and Plaintiffs fail to provide a citation anywhere else they discuss Mr. Lenox's account of Mr. Butler's statements (Opp'n at 9, 18). Further, as discussed in the concurrently filed objections, Mr. Lenox's accounts of what Mr. Butler told him are inadmissible hearsay. *See* Evidentiary Objection No. 5-7.

---

[6] Additionally, Plaintiffs' Exhibit 18 is a significant portion of Mr. Butler's 2015 deposition transcript. Plaintiffs impermissibly cite it without a pincite. Plaintiffs' failure to identify the relevant portion of the exhibit warrants its exclusion under both this Court's standing order (Dkt. 44 ¶¶ 7(d), 7(d)(ii)) and Ninth Circuit precedent. *Orr v. Bank of Am.*, 285 F.3d 764, 774–75 (9th Cir. 2002) (holding that the failure to provide pinpoint citations to the record "alone warrants exclusion of the evidence").

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

But even if Mr. Lenox's accounts of Mr. Butler's statements were considered, it would not matter. Most notably, Plaintiffs offer neither evidence nor argument that Mr. Butler ever attributed the deal's demise to the $5 million escrow account or some continuing, unlimited guarantee from Butler and Weintraub. Instead, Mr. Lenox's notes reflect that Mr. Butler consistently informed him that "***environmental issues***" killed the deal. Pltf. Exs. 15, 16, 17. This is consistent with Plaintiffs' claims in the *Butler* Litigation, in which they showed that they refused to fund the escrow because Mr. Butler had misrepresented and failed to disclose Catalina Yachts' contribution to environmental contamination of the Property. RSUF 65-67, 99-102. But there is no factual tether for their contentions that the $5 million escrow proposal caused Butler to walk away from the deal with Plaintiffs or that it was a requirement for Boeing to engage in environmental investigation and remediation on the Property.

Ultimately, Plaintiffs do not offer any competent evidence to dispute that (i) the $5 million term of Boeing's April 26 proposal was not a "requirement," as demonstrated most clearly by the fact that Boeing told Mr. Butler that it "could be flexible with the value of the account," (RSUF 51); (ii) Boeing in fact discussed and conducted an investigation before Plaintiffs and Butler's escrow terminated and without Butler agreeing to a $5 million escrow account, as Mr. Weintraub's own contemporaneous letter reflects (RSUF 89); and (iii) Boeing did not seek any financial commitment from Plaintiffs (RSUF 93, 94).[7] There is thus no genuine dispute that Plaintiffs fail to show that their alleged interfering act occurred. Plaintiffs thus have failed to show that the alleged act either caused Butler's breach of the Agreement or was intended to do so. For

---

[7] Plaintiffs argue elsewhere in the Opposition that the financial commitment that Boeing sought from Butler would have been borne by Plaintiffs due to an "as-is" provision in the Purchase Agreement (Opp'n at 8, 13), but Plaintiffs provide no legal or factual support for this contention and it should therefore be disregarded. *See supra* § I. Further, this contention is contravened by Plaintiffs' 30(b)(6) representative's testimony that the April 26 letter did not have "any specific requirement for WFS or Sebitna to put up money." RSUF 94.

this independent reason, Plaintiffs' claim should be dismissed.

## C.    Plaintiffs' Causation Argument Is Legally and Factually Deficient.

Plaintiffs must prove, as an element of their claim, that Boeing's alleged intentional acts *caused* Butler to breach the Purchase Agreement. *Family I*, 461 F. Supp. 2d at 1193. But Plaintiffs' causation argument, like most of their brief, is legally deficient, factually unsupported, and non-responsive to Boeing's argument, as detailed below.

### 1.    Plaintiffs Do Not Make the Legally Required Showing that the Purchase Agreement Would Have Been Completed Absent Boeing's Alleged Interference.

Plaintiffs' causation argument is premised on an incomplete—if not erroneous—articulation of the applicable legal standard. *See* Opp'n at 16-17. Without analysis, Plaintiffs provide an incomplete statement of the "substantial factor" test for causation and assert that it governs here. *See id*. But, as Boeing's opening brief explained, there is a split in authority regarding the test for causation in the context of a claim for intentional interference with contract. Mot. at 19 n.5. Recent Ninth Circuit precedent has moved away from the "substantial factor" test and instead holds that to show causation, a plaintiff must establish "that the contract would otherwise have been performed" absent the alleged interfering act. Mot. at 19-20 (quoting *Stereoscope, LLC v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 725, 726 (9th Cir. 2017)). Evidence that the relationship between the contracting parties "soured" separate from the alleged interfering act accordingly defeats an intentional interference with contract claim. *Stereoscope, LLC*, 675 F. App'x at 726. Further, to the extent courts use the "substantial factor" test advanced by Plaintiffs, courts recognize that it "generally produces the same results as does the 'but for' rule of causation,"[8] and—most notably—still requires a plaintiff to prove that its alleged harm would not "have been sustained in the absence of [the defendant's] conduct." *Baez v.*

---

[8] *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 969 (1997).

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*Pension Consulting Alliance, Inc.*, 2018 WL 1942389, at *4 (C.D. Cal. Mar. 16, 2018). *See* Mot. at 19 n.5. Plaintiffs do not engage with this authority and provide no basis for this Court to ignore recent binding authority.

Regardless, Plaintiffs do not satisfy either the *Stereoscope* test or the earlier substantial factor test. They do not even attempt to show (i) that the Purchase Agreement would have been consummated absent Boeing's alleged interference, as required under *Stereoscope*'s test, nor (ii) that their alleged harm would not have been sustained absent Boeing's alleged interference, as required under the substantial factor test. While Plaintiffs conclusively state that it is "factually flawed" to contend that "the deal with Butler soured independent of Boeing's April 26, 2013 letter," (Opp'n at 17), they provide *no* support for this conclusion. And no such evidence exists. Tellingly, Plaintiffs do not acknowledge—must less respond to—the substantial evidence that both Mr. Butler and Plaintiffs refused to proceed with the transaction independent of Boeing. *Compare* Mot. at 19-21 *to* Opp'n at 16-19. Specifically, they bypass Mr. Butler's testimony that Mr. Weintraub's conduct "really soured the deal," (RSUF 96), and they ignore entirely *their own* prior judicial admissions that Plaintiffs could not proceed with closing on the required date "entirely" because of *Mr. Butler's* misrepresentations and omissions (RSUF 102). *See* Mot. at 19-20; *Stereoscope*, 675 F. App'x at 726 (affirming dismissal of intentional interference claim where there was evidence that the relationship between the contracting parties soured independent of the defendant's conduct).

Instead, Plaintiffs just rehash their unsupported claim that Boeing tanked their deal. Opp'n at 17-18. But this recitation is not evidence that the Purchase Agreement would have been consummated absent Boeing's alleged interference—and there is no such evidence. This is no surprise. Plaintiffs successfully prosecuted a separate action arguing that the transaction failed because of Mr. Butler's misrepresentations and omissions. *See* Mot. at 21. They cannot conceivably now show, as they must, that the deal in fact would have closed absent *Boeing's* alleged interference. *See, e.g., Wynn v. Nat'l Broadcasting*

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

*Co. Inc.*, 234 F. Supp. 2d 1067, 1122 (C.D. Cal. 2002) (plaintiffs failed to show causation where there was no indication that the contract would have been performed absent the defendant's conduct).

> **2.    Plaintiffs Also Fail to Present Evidence that the Proposed $5 Million Environmental Escrow Term Caused Butler to Breach the Purchase Agreement.**

While Plaintiffs' failure to provide any evidence that the Purchase Agreement would have been completed without Boeing's alleged interference is—alone—sufficient to find that they cannot satisfy their burden on the causation element, Plaintiffs' causation theory fails for the additional reasons that it is logically incoherent and entirely unsupported. Plaintiffs' argument is nothing more than the recitation of a temporal sequence: Boeing sent a letter proposing Butler fund a $5 million environmental escrow account, and later the deal fell apart. *See, e.g.,* Opp'n at 14, 16. Plaintiffs claim that this temporal relationship must mean there is a causal relationship. But, as courts have repeatedly recognized, "[a] cause and effect relationship based upon such a temporal sequence is a classic example of the logical fallacy of post hoc, ergo propter hoc (literally, 'after this therefore because of this'). With respect to causation 'more than *post hoc, ergo propter hoc* must be demonstrated.'" *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 393-94 (2004) (collecting cases). As the court in *Franklin* held, "it is a false generalization to infer that because" the plaintiff lost business with a third party after the defendant sent an email, "the loss of the business necessarily was an effect of the emails." *Id*. at 394 (affirming the trial court's grant of summary judgment in favor of defendant because plaintiff failed to meet their burden of producing evidence of causation on an intentional interference claim). The same is true here.

The **only** evidence Plaintiffs cite in support of their causation argument is the April 26, 2013 proposal itself. *See* Opp'n § III.E at 16-19 (citing only Pltf. Ex. 13).[9] Nothing in this proposal (or, for that matter, in Plaintiffs' rhetorical argument) shows that the $5 million escrow proposal in the April 26 letter **caused** Butler to breach the Purchase Agreement (not least because there was no breach). The only other citations Plaintiffs provide are to the Second Amended Complaint ("SAC"), which is irrelevant because allegations are not evidence, (*Sorayama*, 2006 WL 8432085, at *4). Moreover, the SAC is not even the operative complaint. Opp'n at 17-18 (citing SAC ¶¶ 19-21). And Plaintiffs' fragmented quotations are no more meaningful. Not only should they be disregarded because they are unsourced, but Plaintiffs misrepresent each of them:

- Plaintiffs' claim that "Mr. O'Brien's hunch" that sections 1.b through 1.e of Boeing's April 26 proposal "'may include dealbreakers'" was "correct." Opp'n at 18. But ***Mr. O'Brien testified to the contrary***. In response to the question, "Did the rest of the proposal, other than Section 1.a, actually constitute a deal break[er]?" Mr. O'Brien answered, "***No***." Supplemental Statement of Uncontroverted Fact (SSUF) 1. He then confirmed this understanding in response to three separate questions, including by testifying that "I said in 2013, . . . they had the potential to be deal breakers, but to my knowledge, my understanding, ***they were not deal breakers***." *Id.* (emphasis added). When reviewing these responses in 2022, he ***again*** confirmed the accuracy of his testimony that the April 26, 2013 letter did ***not*** include dealbreakers. *Id.*;

- Plaintiffs argue that the deal was "dead" due to Boeing's refusal to commit to remediate the degreaser pit and requirements that Butler place a substantial amount of money into an environmental escrow account. Opp'n at 18. But no one has ever said that the deal was "dead" for the reasons argued by Plaintiffs' counsel; and

- Plaintiffs claim that Mr. Butler testified that he could not sell the Property to Plaintiffs until he "worked something out with Boeing." Opp'n at 18; *see also* Opp'n at 9, 14. But this was not Mr. Butler's testimony. Plaintiffs omit the

---

[9] Plaintiffs also caption this section "Boeing Corporate Representative [*sic*] Has Already Admitted that its April 26, 2013 Letter Caused the Contract to be Disrupted and/or Breached." Opp'n at 16. But Plaintiffs never argue this point and they provide no support for it—because it is a fiction.

question Mr. Butler was responding to, which was: "Starting with June of 2013, when did you make the first effort to sell the property to *anyone else*?" SSUF 2 (emphasis added). Mr. Butler then testified about what he did with the Property "*after the escrow didn't close*." *Id.* (emphasis added). Thus, nothing in the isolated snippet of Mr. Butler's testimony cited by Plaintiffs has any bearing on Mr. Butler's Agreement *with Plaintiffs*.

More importantly, none of Plaintiffs' selected fragments provides evidence that the proposed $5 million environmental escrow account *caused* Mr. Butler to breach the Agreement or, under their new theory, caused Mr. Butler to refuse to extend escrow. Indeed, *Mr. Butler testified to the contrary*: When asked, "Didn't you tell Mr. Weintraub that you weren't going to give him an extension because you needed to go work things out with Boeing?" Mr. Butler responded, "No." RSUF 98. This is consistent with Mr. Butler's other testimony in which he detailed that he ultimately declined to grant Plaintiffs another extension of the escrow period because Mr. Weintraub "threaten[ed] to sue" him and that the deal had already "really soured" due to Plaintiffs' conduct. RSUF 63, 95-98; Mot. at 20.

In sum, Plaintiffs fail to provide evidence that Butler and Plaintiffs would have completed the Purchase Agreement absent Boeing's alleged interference, and they fail to provide competent evidence that the letter containing the $5 million escrow proposal caused Butler to breach the Agreement. *See Family Home I*, 461 F. Supp. 2d at 1194 (granting summary judgment because, in part, the plaintiffs failed to provide direct evidence that the defendant caused the third party to terminate its relationship with the plaintiffs); *Franklin*, 116 Cal. App. 4th at 394 (affirming summary judgment in defendant's favor because plaintiff failed to meet their burden to produce evidence of causation). Either of these reasons alone is sufficient to find that Plaintiffs fail to raise a triable issue on the element of causation. For this independent reason, summary judgment should be granted.

### D.    Plaintiffs Do Not Offer a Single Piece of Evidence to Show that Boeing Intentionally Interfered with the Purchase Agreement.

The absence of evidence of Boeing's intent is resounding and requires dismissal. Plaintiffs must come forward with evidence that Boeing "had a specific intent to interfere with a contract" or "knew that the interference was certain or substantially certain to occur as a result of its action." *SIC Metals, Inc. v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1256 (C.D. Cal. 2020) ("*SIC I*"), *aff'd*, 838 F. App'x 315 (9th Cir. 2021) ("*SIC II*"). They offer ***none***. *See* Opp'n at 20-21. There is no testimony, no internal documents, no emails—no evidence at all—supporting a conclusion that Boeing cared one way or the other about the outcome of the transaction.[10] Plaintiffs' entire intent argument boils down to an unsupported account of events followed by counsel's assertion that "Boeing intended to disrupt this agreement." Opp'n at 21. Not only does Plaintiffs' counsel's conclusion require untenable logical leaps, but "arguments of counsel . . . 'are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment.'" *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001); *see supra* § I.

Plaintiffs' proffer on intent is a notably weaker showing than the one deemed insufficient in *Family Home & Finance Center*, in which the Court found that a plaintiff's declaration attesting to the defendant's intent was "unsupported," "clearly outside the scope of [the plaintiff's] personal knowledge," and did not raise a genuine dispute. *Family Home I*, 461 F. Supp. 2d at 1194 (granting summary judgment because plaintiffs failed to establish the defendant caused the third party to terminate its relationship with plaintiffs or intended to bring about that result). Plaintiffs here do not even offer a conclusory declaration in support of their argument; they provide no support

---

[10] On the contrary, as argued in its Motion and below, there is ample evidence that Boeing's concern was simply to ensure that, once the sale was completed, Boeing was not obligated to pay for remediation costs that were not its responsibility.  *See* Mot. at 26; RSUF 32, 34, 40, 43, 105.

**DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

at all. *See* Opp'n at 20-21. There can be no question that Plaintiffs have not satisfied their burden to come forward with evidence to create a triable fact on the element of intent. *See also* Mot. at 22-24.

While the Court need not consider this element any further, it is worth noting that Plaintiffs' misguided argument on the knowledge element of their claim only further highlights their misunderstanding of the intent requirement. Boeing did not move for summary judgment on the ground that Plaintiffs cannot show that Boeing knew about the contract, as Plaintiffs contend (Opp'n at 19-20). The issue is whether, under the intent prong of the analysis, Plaintiffs can show that Boeing had sufficiently specific knowledge of the contract to have intended to produce the specific breach they allege. *See* Mot. at 23; *see also Davis*, 174 Cal. App. 4th at 10-11 (affirming summary judgment in defendant's favor because plaintiff "has not brought forth any facts to show that [the defendant] was sufficiently aware of the details of the [contract at issue] to form an intent to harm it."). Plaintiffs do not present any evidence that Boeing either specifically intended, or could be certain or substantially certain, that Butler would breach a single term of the contract, not least because Boeing did not even know what the contract required of Butler.

In sum, Plaintiffs' unsupported and logically unsound speculation does not amount to evidence of intent. For this independent reason, Boeing's Motion should be granted.

## III.  PLAINTIFFS DO NOT RAISE A TRIABLE ISSUE TO DEFEAT BOEING'S AFFIRMATIVE DEFENSE THAT IT WAS ACTING IN ITS LEGITIMATE BUSINESS INTERESTS.

While Plaintiffs have not carried their burden to create a genuine issue of material fact on multiple elements of their claim, the Court could also grant summary judgment on Boeing's affirmative defense that it acted in its legitimate business interest.

Tellingly, Plaintiffs offer no evidence to dispute that Boeing was acting in its legitimate business interest. Once again, in response to Boeing's well-supported Motion, they lob nothing but unsupported, hyperbolic arguments of counsel. Opp'n at 23-24.

18

They fail entirely to dispute some of Boeing's facts supporting its affirmative defense, and they fail to raise a genuine issue of fact regarding the ones they do attempt to dispute.[11] Plaintiffs thus fail to raise a triable issue of fact in response to Boeing's motion for summary judgment on its affirmative defense.

Instead, Plaintiffs argue that the affirmative defense does not apply as a matter of law. This fails for multiple reasons. First, *I-CA Enterprises, Inc. v. Palram Americas, Inc.*, 235 Cal. App. 4th 257, 289 (2015), cited by Plaintiffs, is inapposite. That case addressed interference claims where the defendant was in competition with a party to the contract.  Since there is no dispute that Boeing was not in competition with Plaintiffs or Butler, this case does not apply.

Second, Plaintiffs attempt to distinguish *SIC Metals, Inc. v. Hyundai Steel Co*., 442 F. Supp. 3d 1251, 1256 (C.D. Cal. 2020) and *Weststeyn Dairy 2 v. Eades Commodities Co.*, 280 F. Supp. 2d 1044 (E.D. Cal. 2003) by noting that the defendants in those cases were enforcing a contractual right. *See* Opp'n at 21-23. But there is no meaningful distinction here, as Boeing was engaged in very similar activity—namely, negotiating contractual obligations for a cost-sharing agreement under which it would undertake investigation and remediation for environmental impacts attributable to Catalina Yachts. Mot. at 24-27; RSUF 40, 43, 48, 51, 54, 105. This contract, like the contracts in *SIC Metals* and *Weststeyn Dairy*, simply entitled Boeing to payments that any reasonable business would demand when undertaking work on another party's behalf. Plaintiffs do not grapple with this fact at all; they just repeat their unsupported argument that Boeing somehow "inserted itself into [Plaintiffs'] contract" with Butler. Opp'n at 23.

Finally, *SIC Metals*, *Weststeyn Dairy*, *Cabanas*, and *Computer Place*—the latter of which Plaintiffs ignore—do not limit this affirmative defense to situations involving defendants' enforcement of their own contractual rights, as Plaintiffs contend. These

---

[11] Plaintiffs do not dispute RSUF 14, 40, and 48, and they do not raise a genuine dispute regarding RSUF 16, 28, 32, 34, 43, 52, 54, 105, 108, and 109.

cases hold more broadly that there is no liability for intentional interference of contract where the defendant is advancing its own financial interest. *See, e.g.*, *Computer Place, Inc. v. Hewlett-Packard Co.*, 607 F. Supp. 822, 835 (N.D. Cal. 1984), *aff'd*, 779 F.2d 56 (9th Cir. 1985) (granting summary judgement on interference claim because manufacturer had the right to act in its own interest even if it interfered with contract); *SIC I*, 442 F. Supp. 3d at 1257 (granting summary judgment on intentional interference claim because defendant was "legitimately enforcing its own" rights); *Weststeyn Dairy*, 280 F. Supp. 2d at 1088 (granting summary judgment on intentional interference claim because defendant "was entitled to seek and obtain the prepayments" in its own interest); *Cabanas v. Gloodt Associates*, 942 F. Supp. 1295, 1304-08 (E.D. Cal. 1996), *aff'd sub nom.*, 141 F.3d 1174 (9th Cir. 1998) (finding that the defendant, an appraisal company, who had no contractual relationship to any party, could not be liable for intentional interference with contract because it was simply assisting the third party to pursue its legitimate financial interests).

Plaintiffs' legal challenge to Boeing's affirmative defense fails. And Plaintiffs do not offer any evidence to support their contention that Boeing's affirmative defense does not apply. *See* Opp'n at 21-24. Accordingly, for this independent reason, Boeing cannot be held liable on Plaintiffs' claim and their complaint should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, and the reasons in Boeing's opening brief, the Court should grant Boeing's motion for summary judgment.

DATED:  July 8, 2022                     Respectfully submitted,


                                         */s/ Tammy A. Tsoumas*
                                         Tammy A. Tsoumas
                                         Matthew Summers
                                         Leonora A. Cohen


                                         *Attorneys for Defendant*
                                         THE BOEING COMPANY

DEFENDANT THE BOEING COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT